UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sameth Nhean,  Civil No. 17-28 (PAM/FLN)

        Petitioner,

v.  **REPORT AND RECOMMENDATION**

Sheriff Joel Brott, et al.,

        Respondents.

_____

Ian Bratlie and Teresa Nelson, for Petitioner.
Ana H. Voss and D. Gerald Wilhelm, Assistant United States Attorneys, for Respondents.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner Sameth Nhean's Petition for a writ of habeas corpus under 28 U.S.C. § 2241 ( ECF No. 1). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that Nhean's Petition be **DENIED**.

**I.    Factual Background**

Nhean has been a permanent resident of the United States since October 28, 1986. Pet. ¶ 2, ECF No. 1. Nhean first entered the United States in August of 1985, as a refugee from Cambodia, although he was born in a refugee camp in Thailand. *Id.* ¶ 1. On July 30, 2007, Nhean successfully completed a sentence and probation after being convicted of assault in 2002. *Id.* ¶ 3. On August 26, 2010, the United States Immigration and Customs Enforcement ("ICE") issued a Notice to Appear and took Nhean into custody pending removal proceedings based on his assault conviction. *Id.* ¶ 4; Lee Decl. ¶¶ 4–5, Ex. 1, ECF No. 7. On October 12, 2010, Nhean was ordered removed from the

United States to Cambodia and he did not appeal the decision. ECF No. 1 ¶ 5; ECF No. 7 ¶ 6; *see* 8 U.S.C. § 1231(a)(1)(B).

After serving 91 days in post-removal detention, Nhean was placed on supervised released on January 11, 2011. ECF No. 7, Ex. 1 at 27 ("Immigration History: On October 12, 2010, [Nhean] was ordered removed by an Immigration Judge. On January 11, 2011, [Nhean] was released from ICE custody on an OSUP."). Nhean has never violated the terms of his supervised release, but has been redetained in ICE custody since August 26, 2016. ECF No. 1 ¶¶ 8–12; ECF No. 7 ¶ 10. On September 7, 2016, Nhean was transferred to the ICE Adelanto Detention Center, in Adelanto, California, to be interviewed by the Cambodian Government. ECF No. 7 ¶ 13, Ex. 1 at 33. Nhean was then transferred back to Minnesota on October 18, 2016, but learned on March 14, 2017, that he will again be transferred to a facility in Oakdale, Louisiana. ECF No. 7 ¶ 14; Bratlie Decl. Ex. G, ECF No. 11.

On October 28, 2016, the Cambodian Government informed the United States that it wished to cease any returns of Cambodian nationals. ECF No. 1 ¶ 18; Bratlie Decl., Exs. E–F, ECF No. 2-2. However, on November 22, 2016, further detention was recommended during a 90-day review of Nhean's detention based on the belief that his removal to Cambodia was likely. ECF No. 7 ¶ 15.

Nhean's motion for a stay of removal was initially denied by the Immigration Court on October 26, 2016. ECF No. 7, Ex. 1 at 33. However, on March 27, 2017, the Immigration Court issued an Order staying removal pending its decision of Nhean's motion to reopen. Bratlie Decl. Ex. H, ECF No. 17. On February 8, 2017, prior to the Immigration Court's Order, a travel document was issued for Nhean. Harrison Decl. ¶ 3, ECF No. 8.

## II. Legal Analysis

Nhean properly brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his continued detention pending removal. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Under the Immigration and Nationality Act, an alien convicted of a crime involving moral turpitude may be removed by the federal government. *See* 8 U.S.C. § 1227(a)(2)(A)(i)(I). Once an alien is adjudicated as removable, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1). This 90-day removal period begins on the latest of the following:

    (i)    the date the order of removal becomes administratively final;

    (ii)    if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; and

    (iii)    if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Pursuant to § 1231(a)(6), an alien may continue to be detained beyond the 90-day removal period if the alien is deemed "a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). This post-removal period detention statute does not explicitly place a time limit on further detention. *Id*.

In *Zadvydas*, the United States Supreme Court addressed the issue of whether the post-removal period could be indefinite under § 1231(a)(6). *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The *Zadvydas* Court concluded that the statute placed an "implicit limitation" on an alien's post-removal detention period. *Id*. at 689–90. According to the Court, pre-removal detention of an alien is presumptively reasonable for a six-month period after the final order of removal. *Id*. at 701. "After this six-month period, [1] once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, [2] the Government must

respond with evidence to rebut that showing." *Id*. What constitutes the "reasonably foreseeable future" lessens as the total period of post-removal confinement grows. *Id*. If the Court "determine[s] that there is no significant likelihood of removal in the reasonably foreseeable future," then an alien may no longer be held awaiting removal. *Id*.

Here, the presumptively reasonable six-month *Zadvydas* detention period has long since passed. Nhean's 90-day removal period began to run on October 12, 2010, when his removal order became final, and he was released after 91 days of custody to supervised release on January 11, 2011. ECF No. 7 ¶ 8, Ex. 1 at 20–21. Nhean was transferred back into ICE custody on August 26, 2016. *Id.* ¶¶ 8–12. Nhean's detention was presumptively reasonable for an additional 90 days (six months in total). *See Zadvydas*, 533 U.S. at 701. Accordingly, Nhean's *Zadvydas*-period expired on November 27, 2016.[1] ICE reviewed Nhean's custody status on November 22, 2016, and determined that Nhean's removal from the United States was expected to occur in the reasonably foreseeable future. *See* Resp. to Pet. for Writ of Habeas Corpus 10–11, ECF No. 6. Nhean still remains in custody. As of April 3, 2017, Nhean had been confined for 221 days since he was redetained in August 2016. Reply Mem. 3–4, ECF No. 16.

The Court concludes that Nhean has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Respondents do not dispute that Nhean has cooperated with the agency's removal efforts and yet his removal still

---

[1] The Court is aware of no authority to suggest that the six month presumptively reasonable detention period would start over after Nhean was placed back into ICE custody following revocation of supervised release. However, even assuming that this six month presumptively reasonable period did begin to run again when Nhean was transferred back into ICE custody on August 26, 2016, it would have expired on February 26, 2017. In either calculation of Nhean's period of detention, the *Zadvydas* period has well expired.

has been unsuccessful. *See generally* ECF No. 6. Additionally, Nhean has shown that as of October 2016, Cambodia has temporarily suspended implementation of its "internal process for receiving returnees from the United States." ECF No. 2-2, Ex. E. Respondents assert that "[w]hether the government of Cambodia has indicated a desire to negotiate the repatriation Memorandum of Understanding between the two countries is not relevant here, where there is clear progress being made to removal and no official change to the diplomatic relations between Cambodia and the United States." ECF No. 6 at 10–11. The Court disagrees and concludes that Nhean has shown good cause to believe his removal is not likely in the reasonably foreseeable future. Furthermore, as of March 27, 2017, the Immigration Court has issued a stay of its removal Order pending consideration of Nhean's motion to reopen. ECF No. 17, Ex. H.

A travel document was issued for Nhean on February 8, 2017, and ICE is apparently in the process of preparing travel arrangements. ECF No. 8 ¶ 3. Respondents contend that Nhean's removal under that travel document is likely in the reasonably foreseeable future. *Id.* ¶ 4; ECF No. 7 ¶ 16. Although the travel document itself has not been included in the record, the Court concludes that Yolanda Harrison's Declaration under the penalty of perjury that the travel document has been issued, constitutes evidence rebutting Nhean's showing there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Therefore, Nhean's Petition should be denied.

## III. Recommendation

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Nhean's Petition for a writ of habeas corpus under 28 U.S.C. § 2241 ( ECF No. 1), be **DENIED**. The parties are to notify the Court on or before June 1, 2017, reporting whether Nhean has been

5

removed from the United States.


DATED: May 1, 2017                           s/Franklin L. Noel
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).