UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sameth Nhean,  Civ. No. 17-28 (PAM/FLN)

          Petitioner,

v.  **MEMORANDUM AND ORDER**

Sheriff Joel Brott, and
Scott Baniecke,

          Respondents.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated May 2, 2017. (Docket No. 19.) The R&R recommends denying the Petition for a Writ of Habeas Corpus. Petitioner filed timely objections to the R&R, and Respondents filed a response to those objections.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Petitioner Sameth Nhean is a permanent resident of the United States. In 2002, Nhean was convicted of assault. In 2010, immigration authorities commenced removal proceedings against him. He was ordered removed from the United States in October 2010 and detained. After 3 months in pre-removal custody, Nhean was placed on

supervised release. Although he did not violate any term of his supervision, he was re-detained in August 2016 and remains in custody.

Magistrate Judge Noel determined that, although Nhean had demonstrated that his continued detention was likely contrary to the principles in Zadvydas v. Davis, 533 U.S. 678 (2001), the government had successfully rebutted Nhean's allegations, showing that there is a significant likelihood that Nhean will be removed in the reasonably foreseeable future. (R&R at 5.) Indeed, Nhean was issued travel documents in February and was set to be removed in late March, but because he filed a motion to reopen his removal proceedings and a motion to stay removal, the Immigration Court temporarily stayed his removal. (Lee Decl. (Docket No. 25) ¶ 7.) Four other Cambodians were removed from the United States on March 28, 2017, the date Nhean had been scheduled for removal. (Id. ¶ 8.)

Since the R&R issued, the Immigration Court held a custody-redetermination hearing in Nhean's case, and again denied bond. (Docket No. 22.) The court found that Nhean was subject to the mandatory-detention provisions of 8 U.S.C. § 1226(c). (Id.) Nhean has challenged that determination, and a hearing is set for June 28, 2017. The government contends that, should the Immigration Court grant Nhean lawful immigration status, he will be released from detention. If the Immigration Court reinstates Nhean's removal order, he will be promptly removed from custody.

As the R&R determined, the relevant inquiry for the prolonged detention of removable aliens is whether "there is no significant likelihood of removal in the reasonably foreseeable future." (R&R at 3 (quoting Zadvydas, 533 U.S. at 701).)

2

Although the Court does not countenance the immigration authorities' lengthy detention of Nhean, at this stage of the proceedings there is more than sufficient evidence in the record to establish that Nhean is significantly likely to be removed in the reasonably foreseeable future. Should the authorities fail to comply with an Immigration Court order granting Nhean lawful status, or should they fail to remove him promptly after an adverse decision, Nhean can and should seek additional relief in this Court. As the Supreme Court has stated, the longer post-confinement detention lasts, the shorter the time courts should allow immigration authorities to claim that removal will occur in the "reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Nhean has been detained for far too long already, and if the June 28 hearing does not resolve the issues surrounding his removal, he should be released from detention.

The R&R correctly determined that the Government has successfully established that there is a significant likelihood that Nhean will be removed in the reasonably foreseeable future. Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 19) is **ADOPTED**; and
2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 5, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge